| | |
|---|---|
| GERALD JIOSI, MARGARET JEAN-BAPTISTE, MARIA ALVERNA, GERMANY EXAVIER and BERTHA VOLTAIRE, | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs, | CIVIL ACTION |
| vs. | |
| THE NEW JERSEY DEPARTMENT OF MILITARY  AND VETERAN AFFAIRS, THE NEW JERSEY VETERANS MEMORIAL HOME AT MENLO PARK, AND THE NJ VETERANS MEMORIAL HOME AT PARAMUS | |
| Defendants. | |

## Complaint

Plaintiffs Germany Exavier, Margaret Jean-Baptiste, Maria Alverna, Gerald Jiosi, and Bertha Voltaire (collectively "Plaintiffs") by and through their counsel, complain against Defendants The New Jersey Department of Military and Veteran's Affairs ("DMAVA"), the New Jersey Veterans Memorial Home at Menlo Park ("Menlo Park"), and the New Jersey Veterans Memorial Home at Paramus (collectively "Defendants") as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over all claims under Title VII pursuant to 28 U.S.C. Section 1331.

2. This Court has supplemental jurisdiction over Plaintiffs' claim under the New Jersey Law Against Discrimination pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 *U.S.C.* Section 1391(b) because Defendants are located in this District and because a substantial part of the events giving rise the claim occurred

in this District.

**PARTIES**

4.  Defendant the Department of Military and Veteran's Affairs is a department within the state of New Jersey that operates the Menlo Park and Paramus Veterans Homes.

5.  Defendant the New Jersey Veterans Memorial Home at Menlo Park is located in Menlo Park New Jersey and was operated by the New Jersey Division of Veterans' Affairs at all times relevant to this suit.

6.  Defendant the New Jersey Veterans Memorial Home at Paramus is a veterans home located in Paramus and was operated by the New Jersey Division of Veterans' Affairs at all times relevant to this suit.

7.  Plaintiffs are all former employees of the New Jersey Department of Veterans Affairs who worked in the Menlo Park and Paramus veterans homes.

**Factual Allegations**

8.  Plaintiffs are all former employees of the New Jersey Division of Military and Veteran's Affairs.

    a.  Mr. Gerald Jiosi is a military veteran who worked as a part-time bus driver at the Paramus Veteran's Home. B. Ms. Margaret Jean-Baptiste is a licensed nurse practitioner who was employed by Menlo Park Veterans' Home.

    b.  Ms. Maria Alverna was a human services assistant at Menlo Park Veterans' Home.

    c.  Ms. Germany Exavier was a human services assistant at Menlo Park Veterans' Home.

    d.  Ms. Bertha Voltaire was a human services assistant at Menlo Park Veterans'

Home.

9.  On November 5, the Center for Medicaid Services announced a covid-19 vaccination mandate for facilities like the veterans homes that accept Medicare funds.

10. The CMS mandated "required providers to offer medical and religious exemptions." *Biden v. Missouri*, 595 U.S. 3 (2021).

11. DMAVA required workers to fill out a religious exemption request form to request an accommodation. The form stated that its purpose was "to start the accommodation process" and "help" DMAVA evaluate the request.

12. The form stated "you do not have to fill out every question" and "encouraged" people to submit "as much information as possible."

13. Each of the Plaintiff submitted a request for religious accommodation using this form.

14. On or around December 1, 2021 each of the Plaintiffs from Menlo Park Veterans Home received a letter from the DMAVA finding that they had "failed to show sufficient support of your sincerely held religious beliefs" and giving them four days to submit their bodies for injection against their religious beliefs and practice or else be disciplined.

15. Mr. Jiosi received a similar letter denying his request on November 23, 2021, but he was not given a deadline to comply.

16. Upon information and belief, DMAVA sent similar letters to most or all DMAVA employees who requested accommodation from the covid-19 vaccine requirement based on the commonly held Christian beliefs that individuals must follow their conscience and that the body is a Temple of the Holy Spirit that may not be defiled.

17. Upon information and belief, Defendants are unfamiliar with these religious beliefs,

did not understand Plaintiffs' requests for exemption, and assumed the beliefs are not religious.

18. Upon information and belief, Defendants, as a matter of policy, do not believe the covid-19 vaccines defile the body and so rejected the religious nature and legitimacy of Plaintiffs' beliefs based on Defendants' scheme of things, rather than Plaintiffs'.

19. On or around January 26th and 27th the DMAVA sent further correspondence to each of the Plaintiffs stating, "there is no way you can be safely accommodated."

20. Upon information and belief, the State of New Jersey sent similar letters to most DMAVA employees who requested religious accommodation from the covid-19 vaccine requirement based on similar or the same religious beliefs and practices as Plaintiffs.

21. All Plaintiffs filed charges of discrimination and failure to accommodate with the EEOC and were issued Right to Sue letters.

## CAUSES OF ACTION

### COUNT ONE

### TITLE VII- RELIGIOUS DISCRIMINATION- FAILURE TO ACCOMMODATE AND FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS

22. Plaintiffs repeat and reallege each of the preceding paragraphs.

23. Plaintiffs were employees of the DMAVA and the veterans homes.

24. DMAVA and the veterans homes each employ more than 15 people.

25. Each Plaintiff holds sincere religious beliefs that prevent vaccination.

26. Each Plaintiff filled out the accommodation request form provided by DMAVA to request accommodation from the covid-19 vaccine requirement.

27. DMAVA denied each Plaintiffs' request stating that they had failed to establish a sincerely held religious belief.

28. DMAVA did not request more information from any Plaintiff about their religious beliefs.

29. DMAVA did not engage in a good-faith interactive process with any of the Plaintiffs.

30. DMAVA denied each Plaintiffs' request for accommodation stating that they could not be safety accommodated.

31. DMAVA did not state why any Plaintiffs could not be safely accommodated.

32. Not one of the covid-19 vaccines was ever approved or authorized to prevent infection or transmission of the covid virus.

33. Defendants could have accommodated Plaintiffs without any undue hardship but failed to do so.

## **COUNT TWO**

### **TITLE VII- RELIGIOUS DISCRIMINATION- DISPARATE TREATMENT AND WRONGFUL TERMINATION**

34. Plaintiffs repeat and reallege each of the preceding paragraphs as if set forth at length herein.

35. Plaintiffs are members of a protected class; specifically they are Christians whose religious beliefs mandated the religious practice of refraining from taking the covid-19 vaccines.

36. Defendants discriminated against Plaintiffs because Defendants hold a specific bias against individuals who believe that putting a covid-19 vaccine into their body is forbidden by God.

37. Plaintiffs were treated differently than similarly situated workers who are not compelled by their religious beliefs to refrain from taking the covid-19 vaccines as a matter of religious practice.

38. Upon information and belief, Plaintiffs were replaced with workers who do not hold religious beliefs that their bodies are Temples of the Holy Spirit created by God and that taking the covid-19 vaccine would defile their bodies in contravention to God's command.

39. Plaintiffs were all terminated from their positions.

40. As a result of Defendants' disparate treatment of Plaintiffs due to their religious beliefs, Plaintiffs have sustained consequential and emotional damages.

## COUNT THREE

### NEW JERSEY LAW AGAINST DISCRIMINATION

41. Plaintiffs repeat and reallege each of the preceding paragraphs.

42. Plaintiffs are protected from discrimination based on their religious beliefs under the New Jersey Law Against Discrimination.

43. In refusing to accommodate Plaintiffs and discriminating against their religious belief that their body is a Temple of the Holy Spirit created by God and which would be defiled by taking a covid-19 vaccine, compelling the religious practice of refraining from taking the vaccine, Defendants violated the New Jersey Law Against Discrimination.

44. In refusing to accommodate Plaintiffs and discriminating against the religious belief that individuals are religiously bound to follow their conscience, Defendants violated the New Jersey Law Against Discrimination.

45. The NJ LAD prohibits an employer from imposing a condition on employment that would require a person to violate or forego a sincerely held religious belief without engaging in a *bona fide* effort to accommodate the employee's religious observance.

46. Defendants did not engage in a bona fide effort to accommodate Plaintiffs' religious practice of refraining from taking the covid-19 vaccine based on the religious belief that it would defile their bodies in contravention to God's word in the Bible.

47. As a result of Defendants' discrimination, Plaintiffs have suffered compensatory, consequential, and emotional damages.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs request the following relief:

48. Declare that Defendants violated Title VII by failing to engage in a good-faith interactive process with Plaintiffs, failing to accommodate Plaintiffs' sincerely held religious beliefs, and terminating Plaintiffs' employment;

49. Award Plaintiffs consequential damages, including backpay;

50. Award Plaintiffs pre-judgment and post-judgment interest;

51. Award Plaintiffs punitive damages;

52. Award Plaintiffs attorneys' fees;

53. Grant any and all other such relief as this Court deems just and equitable.

Respectfully submitted,

Dated: October 30, 2023

s/ Dana Wefer, Esq.

Law Offices of Dana Wefer, LLC
Dana Wefer, Esq.

Bar No: 036062007
290 Hackensack Street
P.O. Box 274
Wood-Ridge, NJ 07075
Phone:  (973) 610-0491
Fax:  (877) 771-2211
Email: DWefer@WeferLawOffices.com
Attorney for Plaintiff

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Germany Exavier has an administrative appeal of her wrongful termination pending. OAL DKT No: CSV 03856-2022 S.  The other party is the DMAVA and Menlo Park Memorial Home.

Marie Alverna has an administrative appeal of her wrongful termination pending. OAL DKT No; CSV -3851-20228. The other party is the DMAVA and Menlo Park Memorial Home.

Margaret Jean-Baptiste has an administrative appeal of her wrongful termination pending. OAL Docket No. CSV 03857-2022 S. The other party is the DMAVA and Menlo Park Memorial Home.

Bertha Voltaire has an administrative appeal of her wrongful termination pending. OAL Docket No. CSV 03850-2022. The other party is the DMAVA and Menlo Park Memorial Home.

I certify that Gerald Jiosi does not have an administrative proceeding, pending arbitration, or other any other action pending concerning the subject matter of this action.

Dated: October 30, 2023                          s/ Dana Wefer, Esq.

Law Offices of Dana Wefer, LLC
Dana Wefer, Esq.
Bar No: 036062007
290 Hackensack Street
P.O. Box 274
Wood-Ridge, NJ 07075
Phone:  (973) 610-0491
Fax:  (877) 771-2211
Email: DWefer@WeferLawOffices.com

Attorney for Plaintiffs